## In re Internal Improvements

1. Internal Improvements. — Internal improvements within the meaning of section 12 of the Colorado Enabling Act must be improvements located within the state; they must be improvements of a fixed and permanent nature, as improvements of real property; and, furthermore, they must be such improvements as are designed and intended for the benefit of the public.

Appropriations.—Appropriations from the fund provided for by said section, for transient objects, as for personalty, as well as appropriations to promote private or individual enterprises, would be contrary to the intention of the general government as donor of the fund; no part of such fund can be lawfully appropriated to defray the current expenses of carrying on state institutions.

The opinion of the court is in response to the following preamble and resolution submitted by the Honorable the House of Representatives :

" Whereas there is now pending in the Ninth General Assembly of the State of Colorado, Bills appropriating all of the available revenues of the State for the years 1893 and 1894, under the General Appropriation Bill, World's Fair Appropriation, Appropriations for Buildings for State Institutions and maintenance of State Institutions, and,

" Whereas many bills are also pending appropriating mon-

ey for internal improvements, such as wagon roads, bridges, etc.,

"Therefore, be it resolved that the Honorable Supreme Court be requested to render an opinion to the House of Representatives of the Ninth General Assembly as to whether or not the moneys belonging to the Internal Improvement fund of the State, under the act of Congress, March 3, 1875 (being sec. 12 of the enabling act) can be lawfully appropriated for the construction of buildings for State Institutions, or for maintenance of any such institutions."

Section 12 of the enabling act reads as follows:

"That five per centum of the proceeds of the sales of agricultural public lands lying within said state, which shall be sold by the United States subsequent to the admission of said state into the Union, after deducting all the expenses incident to the same, shall be paid to the said state for the purpose of making such internal improvements within said state as the legislature thereof may direct; *Provided*, That this section shall not apply to any lands disposed of under the homestead laws of the United States, or to any lands now or hereafter reserved for public or other uses."

PER CURIAM. The question submitted is too general to admit of a direct answer. We shall, however, express our views upon the subject as fully as we deem expedient without asking for a reformation of the question.

In 12 Colo., pages 285 and 287, will be found opinions of this court relating to appropriations for internal improvements. These opinions have some bearing upon, though they are not decisive of, the question now presented.

Section 12 of the act of congress of March 3, 1875, commonly known as the Colorado Enabling Act, provides for the creation of a fund to be paid to the state for the purpose of making such internal improvements within its borders as the legislature may direct. It must not be understood from this language that there are no limitations upon the power of the legislature respecting the use of such fund; for, by

the terms of the act of congress, it is contemplated, *first*, that the expenditures from such fund shall be confined to the purpose of making internal improvements; and, *second*, that the improvements shall be located within the state of Colorado. This view is in harmony with section 10 of article 9 of our state Constitution which provides:

"The general assembly shall, at the earliest practicable period, provide by law that the several grants of land made by congress to the state shall be judiciously located and carefully preserved and held in trust subject to disposal, *for the use and benefit of the respective objects for which said grants of land were made.*"

The enabling act does not specify what kind of improvements shall be considered internal improvements; hence, we must consider the sense in which those words are used in American legislation. The meaning of the phrase "internal improvements" has been considered and passed upon as necessity therefor has arisen in particular cases. Sedgwick on Statutes (2d ed.), 446 and notes; *Blair v. Cumming County*, 111 U. S. 363; *Mayor etc. of Wetumpka v. Winter*, 29 Ala. 651; *U. P. R. R. Co. v. Commrs. Colfax County*, 4 Neb. 450; *Commrs. Dawson County v. McNamar*, 10 Neb. 276; *Williams v. School District*, 33 Vt. 271; *Long v. Fuller*, 68 Pa. St. 170.

It is, in general, unwise, as well as difficult, to attempt to give either a comprehensive or a restrictive definition of words and phrases used in legislative enactments. Such an attempt is especially hazardous in answer to a legislative question, for the reason that such definitions may embarrass the courts and prejudice the rights of parties in litigated cases then pending, or thereafter arising. Hence, it is, that upon the question now presented we do not feel at liberty to say more than that internal improvements within the meaning of the enabling act must be located within the state; they must be improvements of a fixed and permanent nature, as improvements of real property; and, furthermore, they

must be such improvements as are designed and intended for the benefit of the public.

From the foregoing it results that appropriations of the internal improvement fund in question must be confined to permanent improvements of real property, within the state, and for the benefit of the public; appropriations for transient objects, as for personalty, as well as appropriations to promote private or individual enterprises, would be contrary to the intention of the general government, as donor of the fund. The character and purpose of the " buildings for state institutions " contemplated by the question, are not stated; but whatever their character or purpose, it would seem clear that no part of such internal improvement fund can be lawfully appropriated to defray the current expenses of carrying on state institutions.